## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CRAIG S. MOTT,** | * | |
| **1848 Hawk Court** | | |
| **Severn, MD 21144** | * | |
| | | |
| *Plaintiff,* | * | **Civ. Action No. 1:15-cv-3308** |
| | | |
| **v.** | * | |
| | | |
| **EQUITYEXPERTS.ORG. L.L.C.** | * | |
| **2000 Town Center Road, Ste. 1900** | | |
| **Southfield, MI 48075** | * | |
| | | |
| **Serve on:** | * | |
| | | |
| **Registered Agents Inc.** | * | |
| **501 Burnt Mills Avenue** | | |
| **Silver Spring, MD 20901** | * | |
| | | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Craig S. Mott ("Plaintiff") by and through undersigned counsel and for his Complaint against Equityexperts.org. L.L.C. alleges as follows:

## INTRODUCTION

1.     Plaintiff Craig S. Mott brings this action seeking redress for the illegal practices of defendant Equityexperts.org. L.L.C. ("Equity Experts") in connection with the collection of debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann.,

1

Com. Law, § 14-201, *et seq*. ("MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq*. ("MCPA").

2.      The Plaintiff alleges that the collection practices of Equity Experts violate the FDCPA, MCDCA, and the MCPA because Equity Experts conducted business as a collection agency in Maryland without first obtaining the license required by the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7-101, *et seq*.

3.      Plaintiff seeks statutory damages, actual damages, attorney's fees, and costs, pursuant to the FDCPA, MCDCA, and the MCPA.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

5.      The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6.      The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

7.      The FDCPA is a remedial statute that is construed liberally in favor of the

debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); S*prinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

8.     The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204.

9.     The MCPA prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id.* § 13–301(14)(iii).

## JURISDICTION AND VENUE

10.     The jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. 1367.

11.     The Plaintiff is a natural person and resident of the State of Maryland. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

12.     Upon information and belief, Equityexperts.org. L.L.C. ("Equity Experts") is organized under the laws of the State of Michigan.

13.     The United States District Court for the District of Maryland is the proper venue pursuant to 28 U.S.C.A. § 1391(b)(2) because the events giving rise to Plaintiff's Complaint occurred in the state of Maryland. Furthermore, Defendant carries on a

regular business of debt collecting in Maryland. For example, Defendant's website, claims that Equity Experts has an office covering the "DC Metro" area.[1] Equity Experts regularly conducts business as a collection agency in Maryland although it did not apply for a collection agency license until July 10, 2015. Equity Experts' collection agency license was issued on September 16, 2015.

## PARTIES

14.     Plaintiff Craig S. Mott is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as he is a natural person allegedly obligated to pay any debt, in this case amounts alleged to be due on a condominium with Spring Meadows Condominium, Inc., that Plaintiff used for his primary residence. Plaintiff Craig S. Mott is a "person" as that term is defined by the MCDCA because he is a natural person.

15.     Defendant Equity Experts is a limited liability partnership formed in Michigan in 2006 under the laws of Michigan. Equity Experts is a collection firm engaged in the business condo and homeowner association assessment and collections to collect debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of their collection of debts alleged to be due another. For example, Defendant's website claims:

### *Association Assessment Collections*

Equity Experts quickly resolves delinquent files with care and precision utilizing a five step process.

---

[1] Equity Experts, *Contact*, http://www.equityexperts.org/contact (accessed October 29, 2015).

Dunning / Pre-Lein Notification – We send the homeowner notification that the debt has been transferred to a collection agency. Our letter indicates that if the debt is not resolved within 30 days a lien will be filed with the county.

Lien – We assist the assocaition [*sic*] with securing thier [*sic*] interest in the property by having a lien filed. We send a draft of the lien to the homeowner, along with a letter explaining the ramifications of the lien and the association's legal interests in regards to the property.

Constant Contact – Our Constant Contact process is an important distinction that sets us apart from our competitors. We send weekly letters to the homeowner urging them to respond before their account escalates further.  If contact information is provided, we will also make several weekly attempts to contact the homeowner by phone or email.  If no additional contact information is available, Equity Experts will conduct skip-tracing efforts to locate valid contact information. By taking these additional measures, Equity Experts ensures that each homeowner has the opportunity to address their association delinquency and make arrangements before moving forward with more esclated action.

Pre-Legal – This step is our final warning to the homeowner that the assocaition [*sic*] may assert certain legal rights if the homeowner fails to respond.    We send notice to the homeowner via both first-class mail and certified-mail with return receipt, which includes a copy of the recorded lien. We also complete a detailed title search to evaluate the association's position in regards to other lien holders.

Foreclosure or Lawsuit – When all of the previous collection efforts have not resulted in an approved payment arrangement, we make our foreclosure recommendation to the association board for approval. The timeframe and specific procedures vary by state however; in all cases Equity Experts will coordinate the complete process, including

> working with local counsel when necessary, all while limiting
> the up front legal costs to the association.[2]

16.     In violation of Maryland law, Defendant Equity Experts conducted business as a debt collector in Maryland without first obtaining a collection agency license with the State of Maryland, Department of Labor, Licensing and Regulation.

17.     Equity Experts sent the Plaintiff a collection letter on or about January 30, 2015, despite having no collection agency license and therefore being unauthorized to engage in collection activity under Maryland law.

18.     Equity Experts did not apply for a debt collection agency license with the Maryland Department of Labor & Licensing until July 10, 2015, and the original issue date for its debt collection agency license is September 16, 2015.

19.     At all relevant times, Equity Experts acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff. For example on January 30, 2015, Equity Experts mailed Craig S. Mott a letter pursuant to Section 1692(g) of the FDCPA wherein it acknowledged that it was a debt collector attempting to collect a debt allegedly owed to or due another:

> Equity Experts, LLC is a debt collector. This communication
> is from a debt collector. This communication is an attempt to
> collect a debt and any information obtained will be used for
> that purpose. The name of the creditor to whom the debt is
> owed is Spring Meadows Condominium, Inc.

---

[2] Equity Experts, *Association Assessment Collections*, http://www.equityexperts.org/products/ association-assessment-collections (accessed October 29, 2015).

Equity Experts uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

20.     At all relevant times Equity Experts acted as a "collector" as defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA because it collected and attempted to collect from the Plaintiff an alleged debt arising out of a consumer transaction. At all relevant times Equity Experts acted as a "person" as defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA because it is a corporation.

21.     At all relevant times Equity Experts acted as a "collection agency" as defined by Md. Code Ann. Bus. Reg. § 7-101(c) because it engages directly in the business of collecting for another a consumer claim, in this case on behalf of Spring Meadows Condominium, Inc.

## FACTUAL ALLEGATIONS

### A.     The Subject Debt

22.     Craig S. Mott allegedly incurred and later allegedly defaulted on a debt to Spring Meadows Condominium, Inc." for assessments and other charges relating to Plaintiff's residence. This alleged debt will be referred to as the "subject debt."

23.     The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as it allegedly arose out of a transaction for money, service or property that was primarily for personal, family and/or household purposes. Specifically, the alleged debt relates to assessments owed to Spring Meadows Condominium, Inc. for Plaintiff's

condominium unit, which is his primary residence.

24.    Spring Meadows Condominium, Inc. employed Defendant Equity Experts to collect the subject debt.

25.    Defendant attempted to collect the subject debt and, as such engaged in "communications" as defined in 15 U.S.C. § 1692a(2). According to Defendant's website, it uses a "Constant Contact" approach, and communicates with consumers as follows:

> We send weekly letters to the homeowner urging them to respond before their account escalates further. If contact information is provided, we will also make several weekly attempts to contact the homeowner by phone or email.[3]

26.    Defendant Equity Experts communicated with the Plaintiff by sending him a letter dated January 30, 2015. As required by 15 U.S.C. § 1692e(11), Defendant Equity experts disclosed in this communication that it was attempting to collect a debt and that any information obtained will be used for that purpose.

27.    Defendant Equity Experts holds itself out as "Association Collection Specialists" and is not exempt from the licensing requirements of MCALA. Equity Experts' website states the following:

> Equity Experts is an established leader and innovator in the association collections industry. Our company was established in 2004 in response to the need for an efficient and cost-effective collections solution for association delinquencies. Our deferred cost collections model became an important tool for our association clients to maintain healthy cash-flow during the rough economic climate of the past few

---

[3] Equity Experts, *Association Assessment Collections*, http://www.equityexperts.org/products/association-assessment-collections (accessed October 29, 2015).

years.[4]

28.     Defendant Equity Experts failed to comply with the requirements of Md. Code Ann. Bus. Reg. § 7-301(a) because it was acting as a collection agency as of January 30, 2015, in its dealings with the Plaintiff but did not hold the collection agency license required by MCALA.

29.     Despite sending the Plaintiff a debt collection letter on January 30, 2015 wherein it referred to itself as a debt collector, Equity Experts did not apply for a debt collection agency license with the Maryland Department of Labor & Licensing until July 10, 2015.

30.     This conduct by the Defendant violates the FDCPA at §1692e(5), § 1692e(11), and § 1692f(1) which prohibit:

### § 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is

---

[4] Equity Experts, *Company Profile*, http://www.equityexperts.org/company-profile (accessed October 29, 2015).

attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**§ 1692f. Unfair practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31.     In failing to obtain and maintain a collection agency license, the Defendant also violated Md. Code Ann., Com. Law § 14-202(8) because its actions constituted a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist." *Id.* § 14–202(8). Defendant knowingly acted without a collection agency license.

32.     As a result of the Defendant's acts, Plaintiff became confused because he was already making his assessment payments to attorney Michael S. Neall. This caused the Plaintiff to become frustrated and aggravated.

33.     After receiving the letter dated January 30, 2015, the Plaintiff called Equity Experts on the phone number given in its collection letter. He informed Equity Experts that he was already making assessment payments to attorney Michael S. Neall and asked why they were trying to get money from him. Equity Experts told the Plaintiff

that they would try to reduce his balance and enter into a settlement with him. Equity Experts told the Plaintiff that they would call him back regarding this settlement of his account. The Plaintiff never heard from Equity Experts again.

34.    The Plaintiff did not find out that Equity Experts was unlicensed until about July 18, 2015. When he found out Equity Experts was an unlicensed debt collector, the Plaintiff became upset. He wondered why another company would come after him when he had been paying his assessments to an attorney. He felt as if Equity Experts had been trying to cheat him into paying more than he owed. After this, Plaintiff was upset and worried for several weeks.

## COUNT I
## Violation of the Fair Debt Collection Practices Act

35.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

36.    In its attempts to collect the subject debt Defendant materially violated § 1692e(5) of the FDCPA because it threatened to undertake and actually undertook collection activities, when it did not hold the collection agency license required by MCALA and therefore was not legally permitted to take such action.

37.    In its attempts to collect the subject debt Defendant materially violated §1692f(1) of the FDCPA because it attempted to collect amounts from the Plaintiff when it did not hold the collection agency license required by MCALA and therefore its collection activities were not permitted by law.

38.     As a direct consequence of the Defendant's acts, practices, and conduct, the Plaintiff is entitled to statutory damages and actual damages for frustration and aggravation.

## COUNT II
## Violation of the Maryland Consumer Debt Collection Act

39.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

40.     Plaintiff incurred a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

41.     In its attempts to collect the subject debt Defendant materially violated § 14-202(8) of the MCDCA because it claimed that it had the right to pursue collection activity and threatened to pursue collection activity with knowledge that it was not permitted to engage in this collection activity because it knowingly did not hold the collection agency license required by MCALA and therefore was not legally permitted to undertake any collection activity. Nevertheless, Defendant knowingly undertook collection activity without this license.

42.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff is entitled to actual damages for frustration and aggravation.

## COUNT III
## (MARYLAND CONSUMER PROTECTION ACT)

43.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

44.     Plaintiff is a consumer as defined by the MCPA, Maryland Code Annotated, Commercial Law § 13-101(c).

45.     Under § 13-301(14)(iii) of the MCPA, unfair or deceptive trade practices also include any violation of the MCDCA.

46.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff has suffered actual damages, including embarrassment, emotional distress, anger and frustration.

WHEREFORE, Plaintiff respectfully requests the following relief:

a.      A judgment for actual damages relating to Plaintiff's frustration and aggravation, an amount currently estimated to be in excess of $75,000.00;

b.      A judgment for statutory damages required by to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

c.      A judgment awarding Plaintiff his costs of litigation and a reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      An order for such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: October 29, 2015                Respectfully Submitted,


*/s/  E. David Hoskins*
E. David Hoskins, Esq., No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
*davidhoskins@hoskinslaw.com*


*/s/ Steven B. Isbister*
Steven Isbister, Esq., No. 14123
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
stevenisbister@hoskinslaw.com